UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17CV533-GCM

| | |
|---|---|
| **JOHN EXCELL MCCOMBS JR.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| **NANCY A. BERRYHILL, Acting Commissioner** ) | |
| **of Social Security,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court upon Plaintiff's Motion for Summary Judgment (Doc. No. 11) and the Commissioner's Motion for Summary Judgment (Doc. No. 12). Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and Order.

**FINDINGS AND CONCLUSIONS**

**I.    Administrative History**

Plaintiff filed an application for a period of disability and Disability Insurance alleging a disability onset date of February 24, 2014. Plaintiff's claim was denied both initially and on reconsideration; thereafter, Plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). After conducting a hearing, the ALJ issued a decision which was unfavorable to Plaintiff, from which Plaintiff appealed to the Appeals Council. Plaintiff's request for review was denied, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). Thereafter, Plaintiff timely filed this action, seeking review of the Commissioner's final decision.

1

## II. Factual Background

It appearing that the ALJ's findings of fact are supported by substantial evidence, the undersigned adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, *Smith v. Schwieker*, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales, supra*. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. *Hays v. Sullivan, supra*.

## IV. Substantial Evidence

### A. Introduction

The court has read the transcript of Plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the extensive exhibits contained in the administrative record. The issue is not whether a court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence. The undersigned finds that it is.

### B. Sequential Evaluation

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

(1) Whether the claimant is engaged in substantial gainful activity;

(2) Whether the claimant has a severe medically determinable impairment, or a combination of impairments that is severe;

(3) Whether the claimant's impairment or combination of impairments meets or medically equals one of the Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1;

(4) Whether the claimant has the residual functional capacity ("RFC") to perform the requirements of his past relevant work; and

(5) Whether the claimant is able to do any other work, considering his RFC, age, education, and work experience.

20 C.F.R. §§ 404.1520(a)(4)(i-v). In this case, the Commissioner determined Plaintiff's claim at the fifth step of the sequential evaluation process.

### C. The Administrative Decision

In rendering his decision, the ALJ first concluded that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 22). At the second step, the ALJ found that Plaintiff suffered from the following severe impairments: diabetes mellitus without complications, high blood pressure, early degenerative joint disease of the knees, mild obesity, depression, and anxiety. (*Id*.). At the third step, the ALJ found that Plaintiff did not have an

impairment or combination of impairments that met or medically equaled any of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 22-23).

The ALJ then found that Plaintiff has the RFC to perform medium work except:

> He can do occasional climbing, balancing, stooping, kneeling, crouching, and crawling; he can carry out simple, routine, repetitive, unskilled work tasks; he is able to concentrate on simple tasks for 2 hours before taking a break, and 8 hours in a total workday; with only occasional contact with co-workers, supervisors, and the general public; in a low stress, stable, non-production work setting.

(Tr. 23).

At the fourth step, the ALJ found that Plaintiff was no longer capable of performing his past relevant work. (Tr. 27). At step five, the ALJ determined that in light of Plaintiff's RFC, age, education, and work experience, and based on testimony from a vocational expert ("VE"), that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as Packer and Inspector. (Tr. 28). Accordingly, the ALJ found that Plaintiff was not disabled under the Social Security Act. (Tr. 29).

### D.     Discussion

Plaintiff, who is appearing *pro se*, appears to make the following assignments of error: (1) the ALJ failed to consider Plaintiff's impairments "as a whole;" and (2) the ALJ failed to give proper weight to the testimony and conclusions of the Vocational Expert.

In accordance with 20, Code of Federal Regulation, Part 404.1522, the ALJ is required to consider the combined effects of a claimant's impairments.

> Each illness standing alone, measured in the abstract, may not be disabling. But disability claimants are not to be evaluated as having several hypothetical and isolated illnesses. These claimants are real people and entitled to have their disability measured in terms of total psychological well being.

*Layton v. Heckler*, 726 F.2d 440, 442 (8th Cir. 1984). Review of the ALJ's decision clearly reveals that he considered Plaintiff's impairments in combination, and the Court finds no merit in this assignment of error.

Plaintiff next argues that the ALJ failed to give proper weight to the VE's testimony that she gave in response to the *hypotheticals stated by Plaintiff's attorney*. The purpose of bringing in a vocational expert is to assist the ALJ in determining whether there is work available in the national economy which this particular plaintiff can perform. In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, *Chester v. Mathews*, 403 F. Supp. 110 (D.Md. 1975), and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments. *Stephens v. Secretary of Health, Education and Welfare*, 603 F.2d 36 (8th Cir. 1979).

Hypothetical questions posed by an ALJ to a vocational expert must fully describe a plaintiff's impairments and accurately set forth the extent and duration of the claimant's pain, if any. *Cornett v. Califano*, 590 F.2d 91 (4th Cir. 1978). Where the ALJ properly formulates his hypothetical to accurately reflect the condition and limitations of the claimant, the ALJ is entitled to afford the opinion of the vocational expert great weight. *Shively v. Heckler*, 739 F.2d 984 (4th Cir. 1984). Because Plaintiff's conditions and limitations were accurately portrayed to the vocational expert, the ALJ did not fail to consider all the evidence, and his reliance on the opinion of the vocational expert that jobs were available to a person with plaintiff's limitations was proper.

The Court concludes that the ALJ's decision is supported by substantial evidence and was reached through application of the correct legal standards.

## V. Conclusion

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, Plaintiff's motion and brief, the Commissioner's responsive pleading, and Plaintiff's assignments of error. Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence. *See Richardson v. Perales, supra; Hays v. Sullivan, supra*. Finding that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales, supra*, Plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1) the decision of the Commissioner, denying the relief sought by Plaintiff, is **AFFIRMED**;

(2) Plaintiff's Motion for Summary Judgment is **DENIED**;

(3) the Commissioner's Motion for Summary Judgment is **GRANTED**; and

(4) this action is **DISMISSED**.

Signed: June 21, 2018

Graham C. Mullen
United States District Judge